## AMOS HAYS *v.* LOYD CECIL, Administrator.

DISTRIBUTION OF ASSETS.  *The rights of creditors where decedent left assets in this and another State.* C. died in Florida, leaving assets in Florida and Tennessee. Insolvency was suggested by the duly appointed administrators in both States, and the assets in each State applied to the claims due there. The Florida creditors received more than fifty per cent., the Tennessee creditors less. Suit was brought by a Florida creditor to recover from the Tennessee administrator his *pro rata* share of the assets in that State. *Held,* that he could recover nothing, as he had already received a larger per cent. on his claim than the Tennessee creditors; that the assets in both States made up but one estate, and that all creditors were entitled to share equally therein.

### FROM MAURY.

Appeal from the Chancery Court at Columbia.   W. S. FLEMING, Ch.

McDOWELL & WEBSTER for complainant.

W. B. GORDON for defendant.

DEADERICK, C. J., delivered the opinion of the court.

John W. Cecil died in Florida, where he resided, leaving a considerable estate in Tennessee, and some real and personal estate in Florida. The complainant administered in Florida and the defendant in Tennessee. The assets in Florida amounted to something over $1,400, the debts to about $2,440, the complainant's claim against the estate being about $2,340. The estate being insolvent, was administered as such, under the laws of Florida, and complainant received $1,348 as his *pro*

*rata* share upon his debt. The defendant, as admin-
istrator in Tennessee, also suggested the insolvency of
the estate in the county court of Maury county. He
made final settlement there, and having a fund of
$580, by order of the said county court this fund was
transferred to the chancery court.

A bill by creditors in a trust deed made by in-
testate, had been previously filed in said chancery
court, to bring to sale a valuable tract of land to
pay the secured debts. The preferred debts exhausted
the proceeds of the sale, leaving debts still outstand-
ing against the estate amounting to about $1,000,
upon which nothing had been paid. The chancellor
directed the application of the $580 to be made to
these debts, which was done. After this, and about
one month before the expiration of three and one-half
years after the grant of administration in Tennessee,
the complainant, a citizen of Florida, filed this bill
to obtain satisfaction of the balance due him from intes-
tate, being about $1,364, including the interest thereon.
The defendant answered the bill, pleading fully admin-
istered, and other defenses.

The chancellor held and decreed that complainant
was entitled to a *pro rata* upon his claim of $1,364,
including interest, with the other creditors upon whose
claims the $580 had been paid, and gave a personal
decree against defendant for the same, and the defend-
ant appealed.

The Referees have reported recommending a mod-
ification of the decree of the chancellor by allowing
complainant to take a decree against defendant as ad-

ministrator for the balance due on his claims, but refusing to allow any personal recovery against defendant, and also holding that complainant is not entitled to any thing from the fund in Tennessee, until the Tennessee creditors had received the same *pro rata*, that he, complainant, had been paid, and they recommend that costs be divided. The complainant has excepted to this report. He insists that the two administrations are distinct and independent, and that his right to share in the distribution of the fund in Tennessee can not be affected by any thing done in the administration of the estate in Florida.

While it is true that the administrations are distinct and independent, in the sense that the administration in Tennessee can not control the assets in Florida, nor are the sureties in one State of the administrator liable for the delinquencies of the administrator in the other, yet these rules of procedure do not militate against the fundamental principles of our statutes, that the estates of insolvent deceased persons shall be divided amongst their creditors ratably.

It has been said that, under our statutes, there is no case in which a creditor can obtain satisfaction of his entire debt out of the estate of a deceased insolvent person to the injury of other creditors. Our courts permit non-resident creditors to file their claims against a deceased insolvent, upon terms of perfect equality with domestic creditors, as to the distribution of the fund. Our statutes say all creditors shall share in the fund equally in proportion to their debts, without reference to the form of the debt or resi-

dence of creditor. But no creditor is permitted to appropriate more of such effects than his just share, to the prejudice of equally meritorious creditors.

Complainant's bill shows that he has received payment on his claim out of the assets of the deceased insolvent debtor, and it would be inequitable and repugnant to the policy of our laws, to allow him to take from other creditors the funds in this State, without accounting for so much as he has already received.

The estate in this case is admitted to be insolvent in both States. It is but one estate of one person. Complainant has received more than fifty per cent. of his claim; the Tennessee creditors have received less out of said insolvent estate. But it is said that the debts paid by the $580 were barred by the statute of two and one-half years, and their payment by the administrator was a *devastavit.* The chancellor adjudged that they were valid debts against the estate, and admitted them as such to share in the distribution of the fund, and the complainant has not appealed.

The defendant also excepted, contesting the right of complainant to any judgment against the administrator, or his liability for costs. The suggestion of insolvency operated to enjoin suits against him, and it appearing that no funds were in his hands, or could come to his hands, the complainant was not entitled to any judgment against him, and he having rightfully paid out all the funds in his hands and made full settlement of his administration, the complainant having received more than his share of the assets, the bill should have been dismissed at complainant's cost.

We are of opinion that the decree in favor of complainant, was erroneous, and the report of the Referees. is approved and will be confirmed, with the modification indicated, and decree rendered in conformity thereto, upon the ground that the complainant has received already, out of the funds of the estate, his full *pro rata* share. The costs will be paid by complainant.